OPINION
This appeal arises from a final judgment of the Lake County Court of Common Pleas. Appellant, Thomas Witlicki, seeks the reversal of the trial court's determination that he is a sexual predator on the grounds that the trial court's remarks made at the sexual offender classification hearing contradict the court's findings contained in its judgment entry.
On May 6, 1981, a jury found appellant guilty of the following charges: (1) two counts of rape, in violation of R.C. 2907.02; (2) one count of gross sexual imposition, in violation of 2907.05; and (3) one count of aggravated burglary, in violation of R.C. 2811.11. In a judgment entry dated May 14, 1981, appellant was ordered to serve a life sentence on each rape count, an indefinite term of incarceration of three to ten years on the gross sexual imposition charge, and an indefinite term of incarceration of seven to twenty-five years on the aggravated burglary conviction. All sentences were to run concurrently with each other.
The trial court conducted a sexual offender classification hearing on August 11, 2000. During the hearing, neither side presented any witnesses; instead, they submitted appellant's institutional summary report, discipline summary sheet, job and lock assignments, and his most recent pre-parole clinical risk assessment. Upon consideration of the submissions, the trial court issued a judgment entry on August 23, 2000, in which it concluded that appellant should be classified as a sexual predator for purposes of R.C. Chapter 2950.
From this judgment, appellant filed a timely notice of appeal with this court. He now argues under his sole assignment of error that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence. Specifically, appellant maintains that the trial court did not apply the proper standard of proof when it concluded that he is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.01(E) defines a "sexual predator" as a person who has been convicted of a sexually oriented offense and is likely to engage in that type of behavior again in the future. In applying this definition, a trial court can classify an individual as a sexual predator only if it concludes that the state has established both prongs of the definition by clear and convincing evidence. See R.C. 2950.09(B)(3). Clear and convincing evidence is the measure or degree of proof which "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."[1]
To assist a trial court in determining whether or not a particular person is a sexual predator, R.C. 2950.09(B)(2) sets forth a list of nonexclusive factors that a court must consider. These factors include: (1) the offender's age; (2) the offender's prior criminal record; (3) the victim's age; (4) whether the underlying sexually oriented offense involved multiple victims; (5) whether the offender used alcohol or drugs to impair or incapacitate the victim; (6) whether the offender has previously participated in a rehabilitative program for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the specific nature of the sexual conduct involved in the underlying sexually oriented offense; (9) whether the offender acted cruelly in committing the underlying sexually oriented offense; and (10) any additional behavioral characteristics that contribute to the offender's conduct.
In applying the foregoing factors, the appellate courts of this state have held that a finding of likely recidivism can be made even though a majority of the factors are not relevant in a given case.[2]
Furthermore, it has also been held that a trial court can give greater weight to one factor over another if it is warranted under the specific facts of the case.[3]
Furthermore, when reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice.[4]
Here, the record shows that the trial court stated it had considered each of the factors under R.C. 2950.09(B)(2), and after doing so, concluded there was clear and convincing evidence to support a determination that appellant is a sexual predator. In particular, the trial court found that appellant had committed a sexually oriented offense as defined by R.C. 2950.01, and that he was likely to engage in that type of behavior again in the future. To support this second conclusion, the trial court provided the following factual findings in its judgment entry:
 "Defendant presents with a significant number of risk factors associated with re-offending. Those risk indicators relevant to defendant include: having used force and threat of force to achieve compliance in a sex offense, having used multiple acts on a single victim, having victimized two different age groups (he raped a twelve year old female chile [sic] and attempted to rape a forty-five year old woman), offending against a stranger, and having a substantial history of alcohol abuse since age sixteen."
Although the trial court claims in its judgment entry that it found clear and convincing evidence that appellant is a sexual predator, certain remarks made by the trial court during the sexual offender classification hearing undermine the court's determination. After both sides presented their arguments, the trial court made the following comments:
 "THE COURT: I can applaud you personally for what you have accomplished, which is laid out by yourself and counsel in the paperwork that I have got here, including what you want to do in the future, which your attorney told me in chambers also.
 "And the big but, the big but, I am going to take a conservative approach in this matter which I think I have to do pursuant to the Supreme Court and the community that puts me in office. And I think you probably will be applauded as a good neighbor one day. But I have got to take a conservative approach. I have got the Clinical Formulation, Number 5 of the report that the prosecutor referred to, and that's enough for me to not go against. If I went against that and if something occurred, it could be a tragic consequence for the community. I don't think it will. I don't think it will.
 "As far as drugs and alcohol, you have spent 19 years being clean. Gone through every program that is available. You have gone beyond that. Ohio University degrees. Before that you got your GED. So you did it all in prison. You did everything you could. But I think you get my message as to where I am going in this matter. Not that I have to personally agree with it.
 "It is who I take my marching orders from. That is the Ohio Supreme Court and I do abide by the system that we all live under." (Emphasis added.)
Appellant argues that the above passage shows the trial court "clearly lost its way" and created a "manifest miscarriage of justice" when it found him to be a sexual predator because it "clearly indicate that [the court] was not convinced [he] would re-offend." Accordingly, appellant believes that if the trial court had doubts about him committing similar future acts, appellee failed to provide clear and convincing evidence to support the sexual predator label.
We recognize that the trial court obviously considered the nonexclusive list of factors found in R.C. 2950.09(B)(2) and concluded that several apply to appellant. Nevertheless, the remarks made by the trial court certainly raise serious doubt with respect to the court's ultimate decision.
As this court earlier noted, clear and convincing evidence is the measure or degree of proof which "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."[5] In the case at bar, there is no indication that the trial court had a "firm belief or conviction" that appellant is likely to re-offend. In fact, quite the opposite is true.
The trial court repeatedly stated that it was going to take a "conservative approach" in adjudicating appellant a sexual predator. In doing so, the court admitted that its decision was predicated on a single paragraph in appellant's pre-parole clinical risk assessment. Although the court did not agree with that portion of the assessment, and did not think appellant was going to re-offend, the trial court claimed that it was compelled to find appellant to be a sexual predator because if it "went against [the assessment] and if something occurred, it could be a tragic consequence for the community."
To base a sexual predator determination on the community's perceived reaction to the decision, while understandable, is simply inappropriate.[6] "Instead of deciding whether the offender is particularly deserving of punishment, the issue presented to the court at a sexual offender classification hearing is whether the defendant is likely to commit future sexually oriented offenses.[7] And while "the determination of whether an offender is likely to engage in the future in one or more sexually oriented offenses may be difficult, R.C. 2950.01(E) mandates that the trial court make such a determination in order to adjudicate an offender a sexual predator."[8]
In Eppinger, the Supreme Court of Ohio noted that "R.C. Chapter 2950 is not meant to punish a defendant, but instead, `to protect the safety and general welfare of the people of this state.'"[9] As a result, "if we were to adjudicate all sexual offenders as sexual predators, we run the risk of `being flooded with a number of persons who may or may not deserve to be classified as high-risk individuals, with the consequence of diluting both the purpose behind and the credibility of the law. * * *.'"[10]
Thus, given the fact that the trial court did not believe appellant was likely to engage in the future in one or more sexually oriented offense, the court's determination that appellant is a sexual predator is against the manifest weight of the evidence. Appellant's sole assignment of error has merit.
Based on the foregoing analysis, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion. Specifically, the trial court is instructed to vacate its prior judgment finding appellant to be a sexual predator.
ROBERT A. NADER, J., concurs, JUDITH A. CHRISTLEY, J., dissents with a Dissenting Opinion.
[1] Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. See, also, State v. Eppinger, 91 Ohio St.3d 158,164, 2001-Ohio-247.
[2] State v. Head (Jan. 19, 2001), 11th Dist. No. 99-L-152, 2001 Ohio App. LEXIS 160, at 4.
[3] State v. Bradley (June 19, 1998), 2d Dist. Nos. 16662 and 16664, 1998 Ohio App. LEXIS 2744.
[4] State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also, Statev. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
[5] Cross at paragraph three of the syllabus.
[6] State v. Leonard (Sept. 7, 2000), 10th Dist. No. 00AP-185, 2000 WL 1262638, at 4, (observing that "[w]e are also troubled by the trial court's statement to the effect that if appellant were to reoffend, the court itself would look bad * * *").
[7] Eppinger at 166.
[8] State v. Moore (Sept. 28, 2001), 11th Dist. No. 98-L-250, 2001 Ohio App. LEXIS 4450, at 9.
[9] Eppinger at 165, quoting R.C. 2950.02(B).
[10] Eppinger at 165, quoting State v. Thompson (Apr. 1, 1999), 8th Dist. No. 73492, 1998 WL 1032183.